# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY L. SIMONS and | § | |
| AUDREY SIMONS | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | Civil No. 1:09CV172-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION TO REMAND

This cause comes before the Court upon the Motion to Remand [2] of Plaintiffs Jeffery L. Simons and Audrey Simons, seeking remand of this case to the County Court of Jackson County, Mississippi. Defendant State Farm Fire and Casualty Company ["State Farm"] has filed a Response [4], and Plaintiffs a Reply [5]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiffs' Motion to Remand should be denied.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs maintained insurance coverage with State Farm on four rental properties located in Jackson County, Mississippi, which included three townhouse residences. *See* Am. Compl., at ¶4. Plaintiffs also held flood insurance coverage with State Farm on the three townhouses. *See id.* at ¶5. Plaintiffs claim that their four insured properties suffered damages compensable under their insurance policies with State Farm. They further assert that their three townhouse residences suffered

flood damage, which was compensable under their flood insurance. *See id.* at ¶¶6-7. Plaintiffs contend that they provided State Farm with timely notice of their losses and claims, but that State Farm did not fully compensate them for wind damage or loss of rent claims to the properties. *See id.* at ¶¶8-10. Plaintiffs assert claims for breach of contract against State Farm related to all of these insurance policies. *See id.* at ¶14.

Plaintiffs filed an Amended Complaint in the County Court on December 10, 2008, naming State Farm as Defendant. *See* Am. Compl. Plaintiffs state that they are adult resident citizens of California. *See id.* at ¶1. They allege, and State Farm acknowledges, that it is a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. *See id.* at ¶2; Notice of Removal, at pp. 2-3. In its Notice of Removal to this Court, State Farm invokes both federal question and diversity jurisdiction. *See* Notice of Removal, at pp. 2-3.

## II. <u>DISCUSSION</u>

A. <u>Standard of Review</u>

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...."  28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress.  *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982).  For this reason, removal statutes are subject to strict construction.  *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164).  The party seeking removal, State Farm in this case, bears the burden of establishing federal jurisdiction over the state court suit.  *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.    Plaintiffs' Motion to Remand

1.    Federal Question Jurisdiction

State Farm's Notice of Removal states that this Court has federal question jurisdiction over this case pursuant to section 1331

> due to Plaintiffs' allegations contained in Paragraph 10 of their Complaint, which seeks additional payments for 'all loss of rents claims covered by all of the aforesaid policies,' which include the flood policies issued through State Farm as a Write Your Own carrier and as specified in Paragraph 5 of their Complaint.

Notice of Removal, at p. 3 (*quoting* Am. Compl.).

Plaintiffs do not address this basis for jurisdiction in their Motion to Remand or in their Reply. In its Response to Plaintiffs' Motion to Remand, State Farm states that it "does not agree that loss of rents coverage is provided under flood policies, but in the event that such claims are being made here, federal question jurisdiction has been invoked." *See* Resp., at pp. 6-7.

According to State Farm, as a Write Your Own ["WYO"] Program carrier, it is authorized to issue the Standard Flood Insurance Policy ["SFIP"] on behalf of the federal government. *See* Resp., at p. 7. In the case of a SFIP issued by a WYO private insurer, the Fifth Circuit has held that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 390 (5th Cir. 2005). This Court has similarly and consistently held that while federal question jurisdiction does not exist when a plaintiff's claim relates to the procurement of a SFIP, *see, e.g., McCall v. Trustmark Nat. Bank*, Civil No. 1:07cv8-LTS-RHW, 2007 WL 1977730, *2 (S.D. Miss. July 2, 2007), there is jurisdiction when a plaintiff's claim relates to the administration or adjustment of that policy, *see, e.g., Nilson v. Nationwide Mut. Ins. Co.*, Civil No. 1:07cv990-LTS-RHW, 2008 WL 3200681, *2 (S.D. Miss. Aug. 6, 2008); *Jones v. Mississippi Farm Bureau Mut. Ins. Co.*, Civ. No. 1:06cv734-LTS-RHW, 2007 WL 3010336, *1 (S.D. Miss. Oct. 10, 2007).

The question of whether loss of rents coverage is provided by the SFIP is not presently before the Court. Rather, the question presented is whether Plaintiffs' claims relate to the administration or adjustment of their flood insurance policies.

*See, e.g., Nilson*, 2008 WL 3200681, at *2; *Jones*, 2007 WL 3010336, at *1  A plain reading of Plaintiffs' Amended Complaint demonstrates that they do, as Plaintiffs contend that State Farm did not fully compensate them for claims made under their flood insurance policies.  *See* Am. Compl., at ¶¶7, 10.  This Court therefore has federal question jurisdiction over this matter, and Plaintiffs' Motion to Remand should be denied.

      2.    <u>Diversity Jurisdiction</u>

Because the Court has concluded that it has subject matter jurisdiction over Plaintiffs' claims related to the flood policy, it need not reach the merits of State Farm's arguments regarding this Court's diversity jurisdiction.  Under the present circumstances, the Court is of the opinion that it should exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(a), because the remaining claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...."  28 U.S.C. § 1367(a).  The Court further finds that there is no reason for it to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c).

### III.  <u>CONCLUSION</u>

For the reasons more fully stated herein, Plaintiffs' Motion to Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs'
Motion to Remand [2] the above styled and numbered cause to state court should
be, and is, hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 18th day of August, 2009.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE