IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

JEFFERY L. SIMONS and
AUDREY SIMONS                                        PLAINTIFFS

versus                                               No. 1:09-cv-172HSO-RHW

STATE FARM FIRE & CASUALTY COMPANY           DEFENDANT

### SECOND AMENDED COMPLAINT
**(Jury Trial Demanded)**

COMES NOW the Plaintiffs JEFFERY L. SIMONS and AUDREY SIMONS and files this their Second Amended Complaint against the Defendant STATE FARM FIRE AND CASUALTY COMPANY, in support of which they would show as follows:

1.      The Plaintiffs JEFFERY L. SIMONS and AUDREY SIMONS are adult resident citizens of the State of California, owning that real property situated within Jackson County, Mississippi, that is the subject of this litigation

2.      The Defendant STATE FARM FIRE AND CASUALTY COMPANY is a corporation organized and existing under the laws of the State of Illinois, and it may be served with process in the manner prescribed by law.

3.      This Court has jurisdiction over both the Parties and the matters at controversy herein.

4.      During all times relevant to this litigation, the Plaintiffs maintained insurance coverage with the Defendant on the following rental properties in

Jackson County, Mississippi, to-wit, three (3) townhouse residences and all appurtenances thereto, being Units B2-1, B2-2 and B2-4, situated at 15300 Dismuke Avenue, Biloxi, MS 39532, and insured through Policy Number 99-CE-5131 issued by the Defendant.

5.	Additionally, the Plaintiffs maintained flood insurance coverage on the three (3) townhouses referenced herein at Paragraph 4, with the flood insurance coverages being referenced in Policies 24-RC-2339-5, 24-RC-2340-7 and 24-RC-2341-9 issued by the Defendant.

6.	On August 29, 2005, as a direct and proximate result of Hurricane Katrina, all three (3) of the Plaintiffs' insured properties suffered wind and hurricane related damages that were compensable under Policy Numbers 99-CR-5108 and 99-CE-5131.

7.	Additionally, these three (3) townhouses referenced herein at Paragraph 4 sustained additional flood damage, which was compensable under the flood insurance coverage referenced in Policies 24-RC-2339-5, 24-RC-2340-7 and 24-RC-2341-9 issued by the Defendant.

8.	The Plaintiffs did provide the Defendant with timely notice of his losses and claims, with the Defendant assigning Claim Number 24-Z446-058 being assigned to the claim for damages sustained to the three (3) townhouses located at 15300 Dismukes Avenue.

9.	Subsequent to the inspection and adjustment of the Plaintiffs' losses sustained to the foregoing properties, the Defendant advised the Plaintiffs

during early October 2005 that flood damage to the here (3) townhouses was compensable under the flood insurance coverage provided in Policies 24-RC-2339-5, 24-RC-2340-7 and 24-RC-2341-9, however, the Defendant failed to fully compensate the Plaintiffs for their claims of wind damage to either the three (3) townhouses, and that the Defendant's objection to paying the Plaintiffs for these compensable damages constituted a breach of the insurance contract by the Defendant, with said breach of contract occurring on or after October 3, 2005.

10. Further, the Plaintiffs assert that the Defendant did not fully compensate them for all loss of rent claims covered by all of the aforesaid policies, to-wit, Policies 24-RC-2339-5, 24-RC-2340-7, 24-RC-2341-9, 99-CR-5108 or 99-CE-5131, and that the Defendant's objection to paying the Plaintiffs for these compensable damages constituted a breach of the insurance contract by the Defendant, with said breach of contract occurring on or after October 3, 2005.

11. The Plaintiffs assert that the Defendant's determination that there was no or minimal wind damage to their three (3) townhouses referenced herein was erroneous, as the Defendant re-evaluated the claims of an adjoining townhouse owner (Mary Hargrove) and determined that the townhouses in this complex sustained substantial wind damage before the flood waters rose.

12. The Defendant has paid the Plaintiffs the following sums under the foregoing claims and insurance policies covering losses from wind damage:

    a.    Structure damage (4/11/2006)      $6774.85

      b.     Loss of rent (1/27/2006)                                   $12,845

      c.     Loss of rent (3/9/2006)                                     $2569

      13.     The Defendant has paid what is believed to be the policy limits under the subject flood policy for structural damage to damage to the three (3) townhouses, but the Defendant has failed to pay the Plaintiff for all compensable claims under the flood policies.

      14.     By failing to pay the Plaintiffs' compensable claims for damage and losses under the foregoing claims and insurance policies, the Defendant did breach its insurance contracts on or after October 3, 2005, with the Plaintiffs hereby making demand for all damages resulting from the Defendant's breach of the afore-referenced insurance contract through its failure to pay the Plaintiffs' compensable claims.

      15.     The Plaintiffs further show that the Defendant, in addition to its refusal to promptly pay and compensate the Plaintiffs for their compensable losses, has engaged in deliberate course of action that was calculated to gain financial advantage for the Defendant through the delay of the adjudication of the Plaintiffs' claim and the imposition upon the Plaintiffs of unnecessary delays and financial hardship, and because of the Defendant's refusal to pay these claims in disregard of its own findings that the wind damage to the subject townhouses was extensive, and further considering that the Defendant has deliberately taken action that would delay the adjudication of the Plaintiffs' compensable claims, the Plaintiffs' allege that the Defendant has engaged in an ongoing pattern, in both

this instance and others, of bad faith conduct and practices in the adjustment of claims arising from Hurricane Katrina, for which the Plaintiffs make demand for both actual and punitive damages.

16. Specifically, the Plaintiffs would show that the Defendant, through the findings and determinations of its own adjusters, had determined that an adjoining townhouse owner, to-wit, Mary Hargrove, had sustained substantial wind damage in additional to flood damages, and for such wind damage, the Defendant voluntarily paid Ms. Hargrove substantial compensation.

17. The Plaintiffs would additionally show that prior to filing of this cause in the Jackson County (Mississippi) Court, they had made a deliberate decision to limit the amount of their claims against the Defendant in order to obtain a prompt trial in state court, in which the court's docket is substantially less crowded than the docket of this Court, which has delayed the Plaintiffs' ability to obtain a trial date by at less one (1) year, and that the decision by the Defendant to remove this cause from state court was not based upon objective beliefs that the Defendant would be prejudiced by trial in state court, but the decision to remove was a calculated decision made in an effort to impose further delays and hardships upon the Plaintiffs in order to obtain financial gain and other impermissible advantages for the Defendant.

18. As compensation for their claims of bad faith by the Defendant in the adjustment of their claims at issue herein, the Plaintiffs seek applicable actual and punitive damages, attorneys fees to the extent compensable under

applicable law, pre-judgment interests on the specific sums that represent compensable unpaid claims under the policies at issue herein, and such other losses that may be the proximate result of the bad faith conduct and practices of the Defendant in the adjustment of the Plaintiffs' claims.

19.  The Defendant has acknowledged that amendments to the pleadings are freely allowed and that no answer has been filed which would require the Defendant's agreement to the proposed amendments. As a result of the allowance of these amendments, the Defendant is not required to answer the Amended Complaint, but rather is only required to answer the Second Amended Complaint with ten (10) days following the filing of same by the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs make claim against the Defendant for its breach of contract due to its failure to pay all compensable wind or related damages, loss of rents, and any other unpaid losses sustained to his properties as described herein and adjusted by the Defendant Policies 24-RC-2339-5, 24-RC-2340-7, 24-RC-2341-9, 99-CR-5108 or 99-CE-5131, plus pre-judgment interest on all unpaid claims from the date of loss.

The Plaintiffs further seek actual and punitive damages for those losses and damages that may be the proximate result of the bad faith conduct and practices of the Defendant in the adjustment of their claims at issue in this Cause.

This the 1st day of September, 2009.

/s/ *Blewett William Thomas*
BLEWETT W. THOMAS

Blewett William Thomas
MSB #8116
PO Box 7706
Gulfport, MS 39506
(228) 863-4800

CERTIFICATE OF SERVICE

I, BLEWETT W. THOMAS, do hereby certify that I have electronically served this day true and correct copies of the foregoing pleadings to the following counsel of record:

>Sherrie L. Moore, Esq.
>Allen, Cobb, Hood & Atkinson, P.A.
>PO Drawer 4108
>Gulfport, MS 39502-4108

This the 1st day of September, 2009.

>*/s/ Blewett William Thomas*
>BLEWETT W. THOMAS