**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JEFFERY L. SIMONS and
AUDREY SIMONS**                                                                      **PLAINTIFFS**


**v.**                                                    **CIVIL ACTION NO.: 1:09-cv-172HSO-RHW**


**STATE FARM FIRE & CASUALTY COMPANY**                              **DEFENDANT**


<u>**DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT OF ITS RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**</u>

COMES NOW, Defendant STATE FARM FIRE AND CASUALTY COMPANY, by
and through its attorneys of record, Allen, Cobb,  Hood & Atkinson, P.A., and files this its
Memorandum in Support of Response in Opposition to Plaintiffs' Motion to Amend and
would respectfully show unto this Court the following, to-wit:

I.

Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"),
objects to Plaintiffs' Motion to Amend.  State Farm received Plaintiffs' Motion to Amend on
November 19th seeking to amend their Complaint to add several named parties, fictional
parties and include additional allegations against this Defendant. The proposed
amendment will change the very nature of this litigation and will unduly burden State Farm.
 Permitting this amendment will greatly expand the scope of discovery to untold
parameters.  Finally, permitting Plaintiff to amend under the circumstances will greatly
delay the trial and increase the expense of this litigation.

1

II.

The United States Supreme Court noted that a trial court may deny a motion to amend "when newly alleged facts and theories 'have been known to the party seeking amendment since the inception of the cause of action.'" *Montana v. Crow Tribe of Indians*, 523 U.S. 696, 708 (1998).  The facts of the case *sub judice* have been known to Plaintiffs for some time.  The new allegations included in the proposed amended complaint have been extensively litigated by this Court and the state courts since August 29, 2005 and have been the subject of media scrutiny as well.

The resulting litigation from Hurricane Katrina is already taxing the court system. Permitting this amendment will only force the court system to grind to an even slower pace by requiring extension of the discovery period.  While there have been some extensions, this case is currently on schedule.

IV.

Permitting this amendment would unduly burden the defendant by expanding discovery and wasting valuable time and expenses.  *See Earlie, v. Jacobs*, 745 F.2d 342 (5th Cir. 1984) (noting that undue burden on non-movant is a justifiable reason to deny leave to amend).  This case is premised solely upon a purported contract breach due to a dispute over an insurance claim and the extra-contractual allegations stemming solely from the handling of the Plaintiffs' claim.  In the proposed amended complaint, the Plaintiffs seek to get into institutional claims not previously pled and discussed by this Court in

2

*Marion v. State Farm Fire and Casualty, Civil Action No. 1:06cv969 LTS-RHW* . In *Marion,*

a discovery dispute resulted in an Order entered by the magistrate stating:

> The central dispute does not differ to any great degree from hundreds of other Katrina cases that have been filed in this Court, i.e. how much damage to Plaintiffs' residence was caused by discernable and divisible wind damage as opposed to flood damage. Wind damage is covered under the Plaintiffs' homeowners' policy issued by State Farm whereas, flood damage is excluded. What has made this case particularly challenging for the Court with respect to discovery is Plaintiffs' attempt to construct a broad –ranging conspiracy theory that reached to the uppermost levels of State Farm and involves virtually all of State Farm's formulation of policies, guidelines, and other responses to Hurricane Katrina.

*See Exhibit 1 to the Response.* Thus, as in *Marion* expanding discovery beyond these

clear facts will ultimately prejudice State Farm in a multitude of ways.

Further, the addition of new parties does not meet the criteria of Rule 15(c)(1)(C) of

the Federal Rules of Civil Procedure. The time period for bringing this action is controlled

by Miss. Code Ann. §15-1-49 which provides that an action must be brought within three

years of accrual. The three year statute of limitations for this action has expired, in fact, the

Second Amended Complaint which is currently the pleading framing the allegations of this

matter states that the breach of contract occurred October 3, 2005.[1] In order for any

amended complaint to relate back to the original complaint and toll the applicable statute of

limitations set forth above, it must meet the criteria set forth in Fed. R. Civ. P. 15.

Specifically, in order for claims to be brought against the new defendants the claims must

arise out of the conduct, occurrence or transaction referred to in the original complaint and:

---

1 This statement in paragraph 10 of the Second Amended Complaint filed September 1, 2009 is not included in the proposed amended complaint.

within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (1) received such notice of the action that it will not be prejudiced in defending on the merits, and

    (2) knew or should have known that the actions would have been brought against it, but for a mistake concerning the proper party's identity.

*Fed. R. Civ. P. 15(c), emphasis added.* The Plaintiffs have not shown that they can meet the requirements of this rule in amending the pleading to add parties and as such, this request should not be granted.

## V.

Contrary to the Plaintiff's belief, the Fifth Circuit has held that a grant of leave to amend after an answer has been filed is NOT automatic. *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). In addition, a trial court may deny a motion to amend if the motion is futile. See *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 872-873 (5th Cir. 2000). The Court must consider many factors in this ruling, including ramifications which go far beyond this case.

## VI.

In the alternative, should the court permit Plaintiff to amend its complaint, State Farm requests this court enter a new scheduling order to permit adequate time to respond to discovery, designate new expert witnesses and prepare for trial.

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM FIRE AND CASUALTY COMPANY request that Plaintiff's Motion to Amend be denied, or in the alternative enter a new scheduling order.

State Farm requests any additional relief which this Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this the 7th day of December, 2009.

**State Farm Fire and Casualty Co., Defendant**

**BY:ALLEN, COBB, HOOD & ATKINSON, P.A.**

**BY: _s/SHERRIE L. MOORE_**
    **SHERRIE L. MOORE, MSB #10723**
    **MARGARET P. MCARTHUR,MSB#100020**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned attorney for Allen, Cobb, Hood & Atkinson, P.A. has this day served a copy of the above and foregoing **MEMORANDUM BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION TO AMEND** upon counsel of record who have made an appearance in this matter via this Court's ECF system. There are no parties requiring special mailings.

THIS, the 7th day of December, 2009.

                *s/ Sherrie L. Moore*
              SHERRIE L. MOORE

**Allen, Cobb, Hood & Atkinson, P.A.**
Post Office Drawer 4108
Gulfport, MS   39502-4108
(228) 864-4011  Phone
(228) 864-4852  Fax